## Case No. 6,438.

### HESTER v. BALDWIN.

[2 Woods, 433.] [1]

Circuit Court, N. D. Georgia. Sept. Term, 1875.

BANKRUPTCY — PARTNERSHIP DEBTS—PROOF—DISCHARGE.

1. Claims against a bankrupt can not, as a matter of course, be proven to bar his discharge on a date subsequent to the day fixed for the creditors to show cause against the discharge.

2. One of the three individuals composing a firm was adjudicated a bankrupt. One of the other members of the firm offered as proof of a claim in his favor against the bankrupt, evidence to show that the firm of which the bankrupt had

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

been a member was indebted in certain specified amounts which still remained unpaid, insisting that such evidence established an indebtedness from the bankrupt to him to the amount of one third of said partnership debts. *Held*, that such proof was properly rejected as not tending to establish any claim against the bankrupt in favor of his copartner, unless accompanied by proof that the copartner setting up the claim had paid said partnership debts.

[In review of the action of the district court of the United States for the Northern district of Georgia.]

In bankruptcy.

B. H. Thrasher and A. M. Thrasher, for petitioner.

B. F. Abbott, contra.

WOODS, Circuit Judge. Shepherd, Baldwin & Co. was the name of a firm composed of J. M. Shepherd, James J. Baldwin and A. G. Hester. Baldwin filed his voluntary petition and was adjudicated a bankrupt. On the 4th of September, 1874, the creditors of Baldwin were required to show cause why he should not be discharged. A. G. Hester, one of the members of the firm of Shepherd, Baldwin & Co., offered to file a large claim on account of the copartnership debts of Shepherd, Baldwin & Co.; that is, he claimed that Baldwin was indebted to him, because he, Hester, was liable jointly with Shepherd and Baldwin for the partnership debts of Shepherd, Baldwin & Co. The register refused to file the claim. On a day subsequent to the 4th of November, that being the day on or before which the creditors were required to show cause, Hester offered to file two other claims of like character, which the register refused him permission to file, both on account of the character of the claims and because the claims could not be proven in order to bar a discharge after the day upon which creditors were required to show cause against the discharge.

The question submitted to this court is, whether the action of the register and the decision of the district court which approved it was right. In my judgment it was. There must be some liability on the part of the bankrupt to the creditor, before the latter can set up any claim. The fact that Shepherd, Baldwin & Co. were indebted did not make one of the partners the creditor of the others. The fact that one joint debtor may call upon his codebtor for contribution does not make the one the debtor of the other, in any manner or degree, until the one setting up the liability has paid the debt. Until a partner pays the debt of the partnership, he has no claim, contingent or otherwise, against his copartners. The proof of debt which Hester offered to file, merely set forth that the bankrupt, "at the time of filing his petition, was and still is indebted to the deponent (Hester) in the sum of $6,700 on the following claims, growing out of the copartnership of Shepherd, Baldwin & Co., J. M. Shepherd, James J. Baldwin and Albert E.

Hester composing the said firm: That James J. Baldwin is due deponent the one-third of each of the several sums due to divers persons by said firm, each copartner being equally interested and mutually bound for the payment of all the debts of said firm." Then follows a long list of the partnership debts, which had been paid neither by Hester nor any one else, but were still due and owing. The idea that the existence of these unpaid partnership debts made Hester the creditor of Baldwin is entirely untenable. Baldwin has the same ground to say that Hester is indebted to him for the one-third of the partnership debts as Hester has to set up a claim against Baldwin on account of the partnership debts. See Sigsby v. Willis [Case No. 12,849]. I think the register and the district court were both right in their conclusions. The petition of review must therefore be dismissed at petitioner's costs.